UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
DEC 21 2006
CLERK'S OFFICE
DETROIT

JAMES FRANKLIN WARREN,

        Petitioner,

v.

        Civil No. 05-10146
        Honorable David M. Lawson

CINDY S. CURTIN,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, James Franklin Warren, a state prisoner currently confined at the Kinross Correctional Facility in Kincheloe, Michigan, has filed a petition for a writ of habeas corpus through counsel pursuant to 28 U.S.C. § 2254 alleging that he is incarcerated in violation of his constitutional rights. At a jury trial in the Wayne County, Michigan circuit court in 2002, the petitioner was convicted of first-degree home invasion, Mich. Comp. Laws § 750.110a(2), third-degree home invasion, Mich. Comp. Laws § 750.110a(4), and aggravated stalking, Mich. Comp. Laws § 750.411i. He was sentenced to five to twenty years imprisonment on the first-degree home invasion conviction, two to seven years imprisonment on the third-degree home invasion conviction, and two to seven years imprisonment on the aggravated stalking conviction, with the sentences on all of these convictions to run concurrently. In the pleadings, the petitioner contends that his conviction for first-degree home invasion violated the Double Jeopardy Clause because the third-degree home invasion conviction was a lesser-included offense of first-degree home invasion, which should have served as an acquittal of the greater charge. The respondent has filed an answer to the petition contending that the claim is unexhausted. The Court finds that the petitioner's claim, even if unexhausted, does

not warrant habeas relief because the state court of appeals vacated the conviction on the lesser charge consistent with Supreme Court precedent. The Court, therefore, will deny the petition on the merits.

I.

The petitioner's convictions arise from his invasion into the home of Linda McLin, a former girlfriend who had obtained a personal protection order against him, on April 29, 2000 in Detroit, Michigan. Based on the charging documents and the jury instructions in the state trial, it appears that the conviction of first-degree home invasion was based upon an underlying felony of aggravated stalking, and the conviction of third-degree home invasion was based upon an underlying misdemeanor of malicious destruction of property.

After sentencing, the petitioner filed an appeal of right with the Michigan Court of Appeals. He argued that trial counsel was ineffective in several ways, the trial court abused its discretion in denying his request for new counsel, and the trial court violated the Double Jeopardy Clause by imposing sentences for both first-degree and third-degree home invasion. The Michigan Court of Appeals affirmed the petitioner's convictions and sentences for first-degree home invasion and aggravated stalking, but vacated his conviction and sentence for third-degree home invasion on double jeopardy grounds. *See People v. Warren*, No. 241435 (Mich. App. Nov. 20, 2003) (unpublished). The Michigan Supreme Court denied the petitioner's application for leave to appeal in a standard order. *See People v. Warren*, 470 Mich. 867, 680 N.W.2d 900 (2004) (table).

The petitioner's habeas application was timely filed. He seeks habeas relief on the ground that his conviction for first-degree home invasion violates his rights under the Double Jeopardy Clause of the Fifth Amendment. He reasons that the jury's finding of guilt on both the greater and

-2-

lesser crimes ought to somehow operate as an acquittal of the greater crime. The respondent opposes the petition, contending that the petitioner's claim was not properly exhausted in the state courts.

II.

The Court applies the standard of review established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, found in 28 U.S.C. § 2254(d). Section 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially

> indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .
>
> [A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 409, 410-11. *See also King v. Bobby*, 433 F.3d 483, 489 (6th Cir. 2006); *Harbison v. Bell*, 408 F.3d 823, 828-29 (6th Cir. 2005); *McAdoo v. Elo*, 365 F.3d 487, 493 (6th Cir. 2004); *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

The respondent contests the petitioner's double jeopardy argument by interposing the exhaustion defense. The exhaustion defense was statutorily recognized by the AEDPA. *See* 28 U.S.C. § 2254(b)(1)(A). Although normally, the failure to exhaust state court remedies requires dismissal of the entire petition, *Lyons v. Stovall*, 188 F.3d 327, 333 (6th Cir. 1999) (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982)), the failure to exhaust state remedies is not an absolute bar when, as here, the federal claims lack merit and requiring additional proceedings would waste time and judicial resources. *Id.* at 333; 28 U.S.C. § 2254(b)(2). The Court therefore will excuse the

exhaustion requirement in the interest of judicial economy and proceed to address the merits of the petitioner's claims.

The Fifth Amendment to the United States Constitution commands that no "person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause, which is applicable to the states through the Due Process Clause of the Fourteenth Amendment, *see Benton v. Maryland*, 395 U.S. 784, 794 (1969), provides three basic protections: "[it] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (footnotes omitted); *see also Ohio v. Johnson*, 467 U.S. 493, 497-98 (1984). "These protections stem from the underlying premise that a defendant should not be twice tried or punished for the same offense." *Shiro v. Farley*, 510 U.S. 222, 229 (1994) (citing *United States v. Wilson*, 420 U.S. 332, 339 (1975)).

Successive prosecutions are prohibited only if the two offenses for which the defendant is prosecuted are the "same" for double jeopardy purposes. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932) (holding that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not"). A conviction on a lesser-included offense generally bars subsequent retrial on the greater offense. *See Illinois v. Vitale*, 447 U.S. 410, 421 (1980); *see also Brown v. Ohio*, 432 U.S. 161, 168 (1977) (explaining that "[t]he greater offense is therefore by definition the 'same' for purpose of double jeopardy as any lesser offense included in it"). When a jury is instructed on both a greater and lesser offense and returns a verdict which is silent on the greater offense and only convicts the defendant

of the lesser offense, the Supreme Court has held that the decision serves as an implied acquittal of the greater offense. *See Price v. Georgia*, 398 U.S. 323, 329 (1970); *Green v. United States*, 355 U.S. 184, 190-91 (1957). Under such circumstances, the defendant may not thereafter be retried for the greater offense. *See Price*, 398 U.S. at 329; *Green*, 355 U.S. at 190-91.

Relying upon these concepts, the petitioner asserts that his conviction on the lesser offense of third-degree home invasion should have served as an acquittal on the greater offense of first-degree home invasion. On direct appeal, the prosecution conceded that the judgment of sentence should be modified to reflect only a conviction for first-degree home invasion and that the third-degree home invasion conviction should be vacated. With that concession, the Michigan Court of Appeals declined to address whether the two convictions were the same when the underlying crimes (aggravated stalking for the first-degree home invasion conviction and malicious destruction of property for the third-degree home invasion conviction) were different. For purposes of this opinion, the Court shall assume without deciding that third-degree home invasion is a lesser included offense of first-degree home invasion under the facts of this case.

Even with this assumption in place, however, the petitioner cannot succeed with his argument. Here, the jury actually convicted the petitioner of the greater offense and the lesser offense in the *same* trial, so there can be no implied acquittal of the greater charge. *See Vaughn v. Burke*, 940 F.2d 663, 1991 WL 153090, *2 (6th Cir. 1991) (rejecting similar argument on habeas review). The Double Jeopardy Clause does not prevent the State from prosecuting a defendant for both greater and lesser included offenses during a single trial. *See Ohio v. Johnson*, 467 U.S. 493, 500 (1984) (holding that although "the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State

from prosecuting respondent for such multiple offenses in a single prosecution"); *United States v. Lacy*, 446 F.3d 448, 456 (3d Cir. 2006) (collecting cases establishing "that double jeopardy *does not* bar prosecution of related charges in the same proceeding"); *United States v. Schuster*, 769 F.2d 337, 342 (6th Cir. 1985) (holding that "[t]he Government clearly was not precluded from prosecuting both greater and lesser included offenses at one trial").

Nonetheless, it is also true that although a defendant may be tried for lesser and greater offense during the same trial, conviction and punishment for both violates the Double Jeopardy Clause, *United States v. Carpenter*, 422 F.3d 738, 747 (8th Cir. 2005), unless the legislature has clearly authorized such cumulative convictions and punishments. *See Rutledge v. United States*, 517 U.S. 292, 301-03 (1996); *Missouri v. Hunter*, 459 U.S. 359, 368-69 (1983). When a jury convicts a defendant of a greater offense and a lesser included offense without such a clear indication by the legislature that it intended to allow multiple punishments, the court should enter a judgment of conviction on the greater offense and vacate the conviction on the lesser included offense. *See Rutledge*, 517 U.S. at 306; *see also United States v. DeCarlo*, 434 F.3d 447, 455-57 (6th Cir. 2006); *United States v. Avery*, 128 F.3d 966, 971-72 (6th Cir. 1997).

In this case, the Michigan Court of Appeals did precisely what the law requires by vacating the third-degree home invasion conviction and sentence, and allowing the conviction and sentence for first-degree home invasion to stand. This action corrected any double jeopardy violation.

III.

The state appellate court's decision in this case was neither contrary to nor an unreasonable application of federal law.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

                                    s/David M. Lawson
                                    DAVID M. LAWSON
                                    United States District Judge

Dated: December 21, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 21, 2006.

                                    s/Felicia M. Moses
                                    FELICIA M. MOSES